IN RE APPLICATION OF MAURICE S. AUSTIN FOR ADMIS-
SION TO THE ATTORNEY'S EXAMINATION IN OCTO-
BER, 1939.

Argued May 2, 1939—Decided June 19, 1939.

Before Justices CASE and HEHER.

For the applicant, *Vanderwart & Scharnikow.*

PER CURIAM.

The applicant spent the academic years 1933-1934 and
1934-1935 in regular attendance at the University of Michi-
gan Law School but was required to withdraw at the close
of the second year for defective standing in criminal law, a
required subject during a half-year period. He spent the
following academic year in regular attendance at the Boston
University Law School and is certified by that school to have
successfully completed and passed all the *additional* courses
required by it "including in addition to the courses prescribed
in the third year of said school a course in criminal law
involving attendance at four class periods of one hour each
per week in the school year 1935-1936, a course equivalent in
time and scope to the course in criminal law at the University
of Michigan." He served a clerkship with a duly qualified
counsellor-at-law of this state from March 25th, 1938, until

the filing of this application and intends to continue said clerkship until November 15th, 1939. The Board of Bar Examiners declines to permit him to take the attorney's examination for the assigned reason that he has not completed the clerkship or its equivalent required by Supreme Court rule 5 (a). The applicant wishes us to find that his clerkship meets the requirement of the rule. It is said further in his behalf that without benefit of the law school year wherein he failed scholastically he will nevertheless have completed the required clerkship within one and one-half months after the October examinations and that he should be allowed to take the examinations and, if he should pass, be permitted to qualify by completing his clerkship before being sworn in.

This court, in the case of Peter Kay, adopted the language used by the Board of Bar Examiners in disposing of the case of Joseph J. Biunno as follows:

"On careful examination of the facts the board is of the opinion that rule 5 (a) requires that all deficiencies must be made up at the law school in which they were incurred. In other words, the language of the rule 'provided the candidate shall have pursued and successfully passed during his period of attendance at *said* law school' is controlling. The use of the word 'said' makes this conclusion clear, as we view it. In this case it is apparent that the applicant was deficient, under the rule, at the time of transfer * * *. This very question was given consideration at the time of the drafting of Rule 5 (a) and the use of the words 'said law school' instead of 'an approved law school' or words of similar import were used with the definite purpose of meeting the state of facts that you present to us."

That construction of the rule is now established and is adverse to the present application. It follows that the applicant is entitled to allowance for only eight months' attendance at the University of Michigan; and this leaves him short in his clerkship.

Once a concession is granted from the requirements of a rule, many and divers reasons are presented for widening the scope of the concession. Yielding to the argument in behalf of those candidates whose full period of clerkship had almost

but not quite been served that they should not be required to await a later examination, the court determined that a student whose clerkship would expire within one month after the examination might, all other requirements being met, be admitted to the tests. That provision is incorporated within the named rule. No matter what the period of grace may be, there will ever be those whose fulfillment will be just a few weeks thereafter and to whom enforcement of the time barrier will seem harsh. That is unavoidable except by confusing exceptions, adding grace to grace, which to those who are not favored by them will seem manifestations of partiality and not an even administration based upon merit. Inasmuch as the applicant does not come within the benefit of the court rule, we deem it unwise to grant an exception.

The application will be denied.